THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANTHONY LUCIOTTI et al.,

    **Plaintiffs,**

v.

THE BOROUGH OF HADDONFIELD et al.,

    **Defendants.**

Civil No. 20-3539 (CPO/SAK)

**OPINION AND ORDER**

This matter is before the Court on two motions *in limine* filed by Plaintiffs and Defendant, respectively [ECF Nos. 111, 112]. The Court received Defendant's partial opposition to Plaintiffs' motion [ECF No. 117],[1] Plaintiffs' opposition to Defendant's motion [ECF No. 114] and Defendant's reply [ECF No. 118]. The Court exercises its discretion to decide the parties' motions without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, the parties' motions are **DENIED**.

**I.    BACKGROUND**

The parties are familiar with the factual background and procedural history of the case, so only the most salient points will be set forth herein. Plaintiffs Anthony and Patricia Luciotti and William and Jessica Vespe (collectively, "Plaintiffs") filed this action asserting state and federal

---

[1] As discussed herein, Defendant's opposition indicated its withdrawal of a contested witness that is largely the subject of Plaintiffs' motion. Defendant otherwise opposes the additional relief sought in Plaintiffs' motion. *See* Def.'s Opp'n at 2.

law claims against Defendant the Borough of Haddonfield.[2] *See* Compl. [ECF No. 1]; Am. Compl. [ECF No. 16]. Plaintiffs' claims arise out of a June 20, 2019 severe storm and flood that left their homes "totally destroyed and uninhabitable." Am. Compl. ¶ 2. Plaintiffs contend that Defendant's alleged inaction and mismanagement of one of its stormwater drainage systems, located directly behind Plaintiffs' properties, resulted in the devastating June 2019 flood. *See id.* ¶¶ 2–12. Plaintiffs assert the following five claims against Defendant: (1) a violation of the Takings Clause of the Fifth Amendment pursuant to 42 U.S.C. §§ 1983, 1988; (2) inverse condemnation pursuant to 42 U.S.C. §§ 1983, 1988; (3) nuisance; (4) negligence; and (5) trespass. *See id.* ¶¶ 53–83.

Pretrial fact discovery expired on November 29, 2021. *See* ECF No. 53, ¶ 1. Plaintiffs' claims then survived summary judgment thereafter. *See* ECF Nos. 83, 84. The Joint Final Pretrial Order ("JFPO") [ECF No. 107] was filed on May 3, 2024. The case is currently set for a jury trial to commence on September 16, 2024. *See* ECF No. 99.

### A. Plaintiffs' motion

Plaintiffs' motion seeks to, *inter alia*, exclude the testimony of Travis Karrow, a former employee of Defendant. *See* Pls.' Mot. at 2. Plaintiffs assert that Defendant never disclosed Mr. Karrow as a potential witness during discovery. *See id.* Instead, Plaintiffs state they only recently learned of Mr. Karrow during his testimony in a similar but unrelated state court matter. *See id.* at 4. Despite this, Defendant listed Mr. Karrow as a trial witness in the parties' JFPO. *See* JFPO, at 22–23. Beyond this, Plaintiffs further request that "any other such discovery that was available to the Defendant during the discovery period, but not produced to Plaintiffs, also be excluded from

---

[2] Both Plaintiffs' Complaint and Amended Complaint also asserted claims against Defendant Port Authority Transit Corporation ("PATCO"). However, on November 8, 2021, PATCO was dismissed without prejudice from the case pursuant to the parties' joint stipulation [ECF No. 54].

the trial." Pls.' Mot. at 5. Plaintiffs appear to imply that this request does not target permissible amendments or supplements, as allowed under Rule 26. *See id.* at 5 n.5.

Defendant opposes Plaintiffs' motion in part. It states that, upon a review of Plaintiffs' motion and the documents that it served, Defendant chose to withdraw Mr. Karrow from its list of witnesses contained in the parties' JFPO. *See* Def.'s Opp'n at 2. The Court, therefore, finds this issue to be moot. However, Defendant objects to Plaintiffs' blanket request to exclude similar, unidentified discovery that was available to Defendant during the discovery period but otherwise not produced. Defendant argues "that without an identification of the specific evidence sought to be excluded, it would be inappropriate at this time to grant the additional relief sought." *Id.*

### B. Defendant's motion

Defendant's motion seeks to exclude any witnesses, evidence, or testimony not previously disclosed during the discovery period. *See* Def.'s Mot. at 1. Although this may appear innocuous at first glance, Defendant's brief reveals the true target of its request. *See* Def.'s Mot. Br. at 2–3 [ECF No. 112-2]. Namely, "any supplemental discovery of Plaintiffs not timely produced during the discovery period." *Id.* at 3. Defendant anticipates that Plaintiffs may attempt to introduce evidence "regarding a subsequent flooding event" and/or "any actions taken by [Defendant] since June 19, 2019 with respect to addressing flooding issues in and around the area which includes Plaintiffs' properties." *Id.* In sum, Defendant argues that any events or actions occurring after the June 20, 2019 flood are irrelevant and inadmissible. *See id.* at 4. It also argues that any actions it took following the flood "would be properly viewed as subsequent remedial measures," and thus, inadmissible at trial. *See id.* at 4–5 (citing Fed. R. Evid. 407). In spite of its apparent awareness of this supplemental discovery, Defendant maintains it must be excluded "because it would present a surprise to Defendant and Defendant would be prejudiced by the late disclosure." *Id.* at 3.

Plaintiffs oppose Defendant's motion on several grounds. First, Plaintiffs contend that they properly "supplemented their production with documents that only came into existence *years* after the close of discovery." *See* Pls.' Opp'n at 1 (emphasis in original) (citing FED. R. CIV. P. 26(e)(1)). Consistent with Federal Rule of Civil Procedure 26(e)(1), Plaintiffs assert that they supplemented their document production over seven months prior to trial as follows:

> Plaintiffs produced 2 videos and 12 pictures of flooding that occurred at Plaintiff Vespe's home on July 4, 2023, 582 days after the close of fact discovery. Those images and videos are listed on the May 3, 2024, Joint Final Pre-Trial Order as Plaintiffs' exhibits P-356–P-369. . . . Additionally, Plaintiffs produced the Luciotti home sale contract and deed, which are dated November 1 and 17, 2023, respectively. These items came into existence at least 702 days after the close of fact discovery. These documents are also listed on the Joint Final Pre-Trial Order as Plaintiffs' exhibits P-370–P-371.

*Id.* at 4. Plaintiffs note that "Defendant's motion is limited to the Vespe documents and does not seek to exclude the Luciotti documents." *Id.* As to the July 2023 flood at the Vespe's residence, Plaintiffs allege these materials "strike directly at [their] takings and nuisance claims." *Id.* at 5. Contrary to Defendant's claim that the June 2019 flooding was "an anomaly caused solely by an 'intense storm event,'" Plaintiffs contend these materials show otherwise. *Id.* at 6. Specifically, Plaintiffs allege that the materials show the flooding of their properties was only exacerbated by Defendant's 2014 remediation of the storm drain. *See id.* They also allege that, because Defendant has not taken any steps to abate the issue, it still persists. *See id.* Apart from conclusory claims of "surprise" and "prejudice," Plaintiffs assert that Defendant fails to articulate "any good faith basis to exclude this evidence, which otherwise did not exist during the discovery period." *Id.*

As to Defendant's argument regarding "subsequent remedial measures," Plaintiffs contend that Defendant misapprehends Federal Rule of Evidence 407. Plaintiffs also object to the vague nature of the request, noting "Defendant is entirely unclear as to what 'measures' were 'taken.'" *Id.* at 8. "As it stands, Plaintiffs are not aware of any." *Id.* To the extent that Defendant is referring

4

to documents *it produced during the discovery period*, Plaintiffs maintain that Rule 407 provides no basis to exclude them, because none of the proposed "measures" described therein were taken. *See id.* at 9. Lastly, even if the proposed measures were considered subsequent remedial measures, Plaintiffs assert they "would still be admissible on issues such as causation and the feasibility of limiting the amount of water the Borough channels behind the two Plaintiff properties." *Id.* at 10. For these reasons, Plaintiffs argue that Defendant's motion must be denied.

In its reply, Defendant reiterates that the July 2023 flood is irrelevant and must be excluded. *See* Def.'s Reply at 1. Specifically, Defendant contends there is no evidence in the record as to what caused the flood, or the damages suffered from it. *See id.* at 1–3. To the extent that Plaintiffs argue that it is relevant, Defendant asserts it must be excluded under Federal Rule of Evidence 403 due to the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See id.* at 4. With respect to the issue of subsequent remedial measures, Defendant confirms this request is directed at evidence it produced to Plaintiffs during discovery. The Court need not address the issue further, however, because this portion of Defendant's reply brief patently and pervasively exceeds the permissible scope of argument on reply.[3]

---

[3] *See, e.g.*, *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citation omitted) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."); *see also Napier v. City of New Brunswick*, No. 17-4152, 2018 WL 6573465, at *5 (D.N.J. Dec. 13, 2018) (emphasis in original) ("The concept that replies are limited to responding to the non-moving party's arguments or reinforcing the moving party's **original** position is universal."). Defendant's fatal flaw here is its failure to identify what evidence it sought to exclude in its initial brief. Unlike its account of the July 2023 flood, Defendant's motion fails to suggest, let alone specify, what evidence or actions amount to subsequent remedial measures. Moreover, its motion was expressly limited to excluding supplemental discovery of Plaintiffs served after the discovery period—not documents it timely served during discovery. Defendant simply cannot "shift the target" in this manner on reply.

5

## II. **DISCUSSION**

### A. **Legal Standard**[4]

Motions *in limine* are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *See Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002). While "the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "An '*in limine* ruling on evidence is a procedure which should, in the trial court's discretion, be used in appropriate cases.'" *Ebenhoech*, 239 F. Supp. 2d at 461 (citation omitted). "One such appropriate case is where the court can shield the jury from unfairly prejudicial or irrelevant evidence." *Id.* However, "[e]vidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds." *Supernus Pharms., Inc. v. Ajanta Pharma Ltd.*, Nos. 21-6964, 21-14268, 2023 WL 4866348, at *1 (D.N.J. July 31, 2023) (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013)). Likewise, evidentiary rulings that "encompass broad classes of evidence" should "generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard*, 981 F. Supp. 2d at 276. The moving party "bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and

---

[4] Both parties cite to Rule 37(c)(1) in support of their motions, which governs a party's failure to disclose or supplement discovery. Plaintiffs primarily rely upon this rule in support of their request to exclude the testimony of Travis Karrow. *See* Pls.' Mot. at 2–4. Defendant merely cites the rule in passing and primarily relies upon Federal Rules of Evidence 402 and 407 in support of its motion. *See* Def.'s Mot. Br. at 3–4. In light of Defendant's withdrawal of Mr. Karrow as a trial witness—and the fact that the parties fail to specifically identify any other evidence sought to be excluded on the basis of a failure to disclose or supplement—the Court finds Rule 37(c)(1) is immaterial to resolving the parties' motions. For these reasons, the Court's discussion and analysis will not address this rule.

the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Id.*

B. Analysis

1. **Plaintiffs' motion**

Plaintiffs' motion largely seeks to exclude the testimony of Travis Karrow on the basis of Defendant's nondisclosure during discovery. In light of Defendant's withdrawal of Mr. Karrow as a witness, the Court finds the issue to be moot. For this reason, the Court will deny Plaintiffs' motion as moot as to their request to exclude the testimony of Mr. Karrow.

Plaintiffs next ask the Court to exclude "any other such discovery that was available to the Defendant during the discovery period but not produced to Plaintiffs." Pls.' Mot. at 5. Plaintiffs do not specify the precise evidence sought to be excluded. Nor can they attest to the existence of such evidence. Defendant opposes this portion of the motion. Defendant asserts that, "without an identification of the specific evidence sought to be excluded, it would be inappropriate at this time to grant [this] additional relief." Def.'s Opp'n at 2. The Court agrees. More critically, however, the Court finds that Plaintiffs fail to satisfy their burden of showing the evidence is inadmissible because the request lacks the requisite specificity with respect to the evidence they seek to exclude. Accordingly, the Court will deny the remainder of Plaintiffs' motion.

2. **Defendant's motion**

Defendant's motion expressly seeks to exclude any supplemental discovery produced by Plaintiffs after the expiration of discovery. *See* Def.'s Mot. Br. at 1. As to the evidence at issue, the motion is far from clear. Defendant merely asserts it "anticipates" that Plaintiffs "may" attempt to introduce evidence regarding a flood at one of the Plaintiffs' properties on or about July 4, 2023. *See id.* at 3. It similarly asserts they may attempt to introduce evidence concerning "any actions"

7

taken by Defendant following the June 20, 2019 flood. *See id.* Defendant contends the July 2023 flood is patently irrelevant. *See id.* at 4. It further contends that any actions it took following the June 2019 flood constitute subsequent remedial measures, and thus, must be excluded pursuant to Federal Rule of Evidence 407. *See id.* at 4–5. Plaintiffs object to Defendant's request to exclude evidence which only came into existence after the close of discovery, and which was properly supplemented thereafter. *See* Pls.' Opp'n at 1. They further object to the exclusion of any alleged evidence of subsequent remedial measures, noting that Defendant fails to specifically identify this evidence. *See id.* at 8. Plaintiffs assert that they are aware of documents timely produced by Defendant during discovery that contain "proposed measures." *See id.* at 9–10. They are unaware, however, of any such proposal ever being implemented. *See id.*

Here, the Court finds that Defendant fails to satisfy its burden of showing the evidence it seeks to exclude is inadmissible because its motion utterly fails to articulate the evidence at issue. As previously discussed, the Court refused to address arguments in Defendant's reply brief as to the issue of subsequent remedial measures because Defendant first identified the specific evidence sought to be excluded on reply. *See supra* note 3. Notably, the subject materials were apparently documents that it timely produced to Plaintiffs during discovery—which Defendant was obviously aware of but omitted from its motion. The Court must also note that the subject materials seemingly fall outside the stated scope of Defendant's motion, which was purportedly limited to Plaintiffs' supplemental discovery. The Court only entertained its arguments as to the relevance of the July 2023 flood because Defendant's motion articulated the subject matter in some respect. Nevertheless, this specific evidence was not described in any true detail until Plaintiffs filed their

8

opposition brief. *See* Pls.' Opp'n at 4. As such, the Court finds that Defendant's motion must be denied due to its sheer lack of specificity with respect to the evidence sought to be excluded.[5]

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **28th** day of **June**, **2024**, that Plaintiffs' motion *in limine* [ECF No. 111] is **DENIED** as moot as to their request to exclude the testimony of Travis Karrow. Plaintiffs' motion is otherwise **DENIED**; and it is further

**ORDERED** that Defendant's motion *in limine* [ECF No. 112] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.

---

[5] Even if Defendant had satisfied its burden, the Court notes that the broad classes of evidence it seeks to exclude—evidence of any subsequent events or subsequent actions by Defendant—are the type of evidentiary issues that should generally be addressed at trial. *See Leonard*, 981 F. Supp. 2d at 276 ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.").